IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSEPH TAYLOR,

                  **Plaintiff,**

v.

| | |
|---|---|
| WEXFORD HEALTH SOURCES, INCORPORATED, and WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION, | Civil Action No.: 2:23-cv-00475 Honorable Irene C. Berger |

                  **Defendants.**

**DEFENDANT WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION'S MEMORANDUM OF LAW <u>IN SUPPORT OF MOTION TO DISMISS</u>**

COMES NOW Defendant West Virginia Division of Corrections and Rehabilitation ("Defendant"), by and through counsel William E. Murray, Jaden P. Rhea, and the law firm of Bailey and Wyant PLLC, and files its Memorandum of Law in Support of its Motion to Dismiss. Defendant states as follows:

        **I.**        **STATEMENT OF FACTS**

Plaintiff Joseph Taylor ("Plaintiff") filed his Amended Complaint ("Complaint") alleging Defendant and Wexford Health Sources, Inc. ("Wexford") failed to prescribe him Medications for Opioid Use Disorder ("MOUD") during his incarceration at Central Regional Jail ("CRJ") from January 2023 to March 2023. (ECF No. 36 at 1–2, ¶¶ 3–4). Plaintiff alleges that the denial of his MOUD caused him to suffer weeks of intense physical and mental anguish and caused him to use illegal drugs once he was released from custody. (*Id.* at 2, ¶ 5.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to contain "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . .." Fed. R. Civ. P. 12(b)(6). The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A motion under Rule 12(b)(6) tests the sufficiency of the complaint to state a claim. A complaint fails to state a compensable claim when, viewing the well-pleaded factual allegations as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"A motion to dismiss for failure to state a claim upon which relief may be granted tests the legal sufficiency of a civil complaint. Fed. R. Civ. P. 12(b)(6). A case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In applying this standard, a court must utilize a two-pronged approach. First, it must separate the legal conclusions in the complaint from the factual allegations. Second, assuming the truth of only the factual allegations, the court must determine whether the plaintiff's complaint permits a reasonable inference that "the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal

conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 555, 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *Wood v. Harshbarger*, No. 3:13-21079, 2013 U.S. Dist. LEXIS 147355, at *11 (S.D. W. Va. Oct. 11, 2013).

### III. LAW AND ARGUMENT

Plaintiff's Complaint alleges the following claims against Defendant: Count I for violations of Title II of the Americans with Disabilities Act ("ADA") and Count II for violations of the Rehabilitation Act. Defendant moves to dismiss all claims and to be dismissed as a party to this action.

### A. Plaintiff's Count I claim for violations of the ADA must be dismissed as a matter of law because his claim is based on an alleged lack of medical treatment.

Plaintiff's Count I claim for violations of the ADA fails to state a claim against Defendant because Plaintiff has failed to adequately plead this claim. Title II of the Americans with Disabilities Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a *prima facie* case under this Title, the Fourth Circuit has held that a plaintiff must establish: (1) he or she has a disability; (2) he or she is "otherwise qualified to receive the benefits of a public service, program, or activity;" and (3) he or she was "denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of their

disability." *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 502–03 (4th Cir. 2016) (citing *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005)).

In addition to prohibiting intentional discrimination based on disability, the ADA also imposes an affirmative obligation on public entities to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i); *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 749 (2017); *Constantine*, 411 F.3d at 488. This obligation, however, is not without limits. *See Tennessee v. Lane*, 541 U.S. 509, 531–32 (2004) Title II "requires only 'reasonable modifications' that would not fundamentally alter the nature of the service provided, and only when the individual seeking modification is otherwise eligible for the service." *Id.*

Further, courts have repeatedly found that the "a prisoner may not state a claim under the ADA for a lack of medical treatment." *Mondowney v. Balt. Cty. Det. Ctr.*, No. CV ELH-17-1538, 2019 WL 3239003, at *21 (D. Md. July 18, 2019); *Bryant v. Madigan*, 84 F.3d 246 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners."). Courts within the District have held the same. *See Baxley v. Jividen*, 508 F. Supp. 3d 28, 62 (S.D. W. Va. 2020) ("Because the ADA cannot be used to assert a claim of inadequate medical care, *see Mondowney*, 2019 WL 3239003, at *21, Plaintiff Baxley, Spiker, Reed, Edmondson, and Hall's broad assertions that Defendant's failure to accommodate their medical and mental health care needs denied them access to jail services, programs, and activities fail."),

4

First, the Amended Complaint is clear that Plaintiff is alleging his disability is his opioid use disorder and that Defendant failed to provide him access to medical and mental health services. (ECF No. 36 at 24, ¶ 123.) That is the entire basis for this claim. Based on the plain language of the Amended Complaint, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As other courts within this District have clearly held "the ADA cannot be used to assert a claim of inadequate medical care . . . ." *Baxley*, 508 F. Supp. at 62. That is exactly what Plaintiff attempts to do here and this claim fails as a matter of law. It must be dismissed.

Next, the Amended Complaint completely fails to plead any allegations that Plaintiff struggled with daily activities, was discriminated against, was barred from jail programs, or was not afforded reasonable accommodations to account for his disabilities. A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 555, 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *Wood*, 2013 U.S. Dist. LEXIS 147355, at *11. In this complaint, Plaintiff fails to plead any factual allegations in support of this claim and this claim is based on legal conclusions only. There are absolutely no factual allegations pled here to support a claim for violations of the ADA.

Further, Plaintiff has even failed to plead that he requested any type of accommodation for his disability. "While there may be times where an individual does not have to expressly ask for an accommodation, such an exception only applies where it is apparent that one is needed." *Baxley*, 508 F. Supp. 3d at 62 (citing *Cadena v. El Paso Cty.*, 946 F.3d 717, 723–24 (5th Cir. 2020) ("For this type of claim, a plaintiff must show that the entity knew of the disability and its

consequential limitations, either because the plaintiff requested an accommodation or because the nature of the limitation was open and obvious.")). This pleading failure is also fatal to his claim. Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff's complaint to contain "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson*, 551 U.S. at 93. Based on all these failures, Plaintiff has failed to adequately plead his ADA claim and has failed to plead sufficient facts to permit a reasonable inference that "the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As a result, Plaintiff's Count I claim for violations of the ADA must be dismissed against Defendant.

### B. Plaintiff has failed to state a claim as a matter of law for violations of the Rehabilitation Act against Defendant.

Next, Plaintiff has also failed to state a claim against Defendant for violations of the Rehabilitation Act because Plaintiff has, again, based this claim on the alleged failure to provide medical and mental health services. Under the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a). Discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). To state a claim of discrimination under the Rehabilitation Act, a plaintiff must show: (1) "[h]e or she suffers a disability as defined by the statute"; (2) "[w]ith or without reasonable modifications, he or she is otherwise qualified to participate in the benefit or employment in question"; and (3) "[h]e or she was excluded from that benefit or employment because of the disability

suffered." *McDavid v. Arthur*, 437 F. Supp. 2d 425, 428 (D. Md. 2006) (citing *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264-65 (4th Cir. 1995)).

Further, a plaintiff may not receive relief under the Rehabilitation Act for inadequate medical care. *See, e.g.*, *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996); *Mathis v. GEO Group, Inc.*, No. 2:08-CT-21-D, 2009 U.S. Dist. LEXIS 132301, at *51-52 (E.D. N.C. Nov. 9, 2009). The Rehabilitation Act "afford[s] disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities." *Moore v. Prison Health Servs.*, No. 98-3310, 1999 U.S. App. LEXIS 31398, at *1 (10th Cir. Dec. 1, 1999) (unpublished). An inmate may not "confuse[] his desire for better disability accommodations with the kind of claim for purposeful discrimination that the Rehabilitation Act prohibits." *Burkett v. Booker*, No. 06-CV-161-KSF, 2006 U.S. Dist. LEXIS 64129, 2006 WL 2583371, at *3 (E.D. Ky. Sept. 7, 2006) (unpublished).

In addition, courts have held that persons, like the Plaintiff here, who base their disability on opioid dependency cannot state a claim under the Rehabilitation Act based on the denial of prescription opioid medication like Suboxone. *Church Ekklasia Sozo, Inc. v. CVS Health Corp.*, No. 3:20-cv-382-MOC-DSC, 2021 U.S. Dist. LEXIS 183850, at *22 (W.D.N.C. Sept. 27, 2021). In *Church Ekklasia*, the district court held that the plaintiff was only qualified to receive the suboxone due to her alleged disability, which was opioid dependency. *Id.* The court then held that the plaintiff "was not 'otherwise qualified' to receive Suboxone, independent from her alleged opioid dependency disability" and then rejected the plaintiff's Rehabilitation Act claim. *Id.* at *22–23. Other courts have held the same in cases identical to the case at hand. *See, e.g.*, *Cushing v. Moore*, 970 F.2d 1103, 1108-09 (2d Cir. 1992) (affirming dismissal of claim brought by

7

outpatients at rehabilitation clinic who brought claims for violation of the Rehabilitation Act premised on termination of methadone treatment, holding that plaintiffs could not demonstrate that they were "otherwise qualified" and explaining the "[R]ehabilitation Act does not create a cause of action based on a handicap that is directly related to providing the very services at issue"); *Mascetti v. Zozulin*, No. 3:09-cv-963(PCD), 2010 U.S. Dist. LEXIS 39003, 2010 WL 1644572, at *3 (D. Conn. Apr. 20, 2010) (dismissing Rehabilitation Act claim brought against defendant pharmacy for alleged refusal to dispense pain medication to plaintiff, finding that plaintiff was not "otherwise qualified" and holding "Section 504 does not apply if an individual only qualifies for a benefit or service because of her disability"); *see also Mathis v. GEO Grp. Inc.*, No. 2:08-CT-21-D, 2009 U.S. Dist. LEXIS 132301, at *14 (E.D.N.C. Nov. 9, 2009) (dismissing plaintiff's claim under the Rehabilitation Act for denial of physical therapy and explaining that a plaintiff "may not receive relief under the Rehabilitation Act for inadequate medical care").

Here, just like with Plaintiff's ADA claim, the Amended Complaint clearly claims that Plaintiff's disability is his opioid use disorder and bases this claim on the alleged failure to provide access to medical and mental health services. (ECF No. 36 at 25, ¶ 127.) As the court held in *Church Ekklasia*, a claim based on the failure to provide Suboxone or medications to treat opioid dependance fails as a matter of law because Plaintiff is not "otherwise qualified" for this benefit. *Church Ekklasia Sozo, Inc.*, 2021 U.S. Dist. LEXIS 183850, at *22. Based on the plain language of the Amended Complaint, Plaintiff has wholly failed to plead a claim as a matter of law, and the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. After the legal conclusions are separated from the factual allegations, the Plaintiffs' Amended Complaint does not permit a reasonable inference that "the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Next, the Amended Complaint completely fails to plead any allegations that Plaintiff struggled with daily activities, was discriminated against, was barred from jail programs, or was not afforded reasonable accommodations to account for his disabilities. A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [the] claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 555, 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *Wood*, 2013 U.S. Dist. LEXIS 147355, at *11. In this complaint, Plaintiff fails to plead any factual allegations in support of this claim and this claim is based on legal conclusions only. There are absolutely no factual allegations pled here to support a claim for violations of the Rehabilitation Act. As a result, Plaintiff's Count II claim for violations of the Rehabilitation Act must be dismissed against Defendant.

## IV.   CONCLUSION

**WHEREFORE**, based on the foregoing, Defendant West Virginia Division of Corrections and Rehabilitation respectfully prays this Honorable Court **GRANT** its Motion to Dismiss, dismiss those claims asserted by Plaintiff against Defendant **WITH PREJUDICE**, dismiss this Defendant as a party to this action, and grant such other relief as the Court deems just and proper.

**WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION,**

**By Counsel**

*/s/ William E. Murray*
William E. Murray, Esq. (WVSB #2693)
Jaden P. Rhea, Esq. (WVSB #13454)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: (304) 345-4222

9

                                              F: (304) 343-3133
                                              wmurray@baileywyant.com
                                              jrhea@baileywyant.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**JOSEPH TAYLOR,**

        **Plaintiff,**

v.

**WEXFORD HEALTH SOURCES,**      Civil Action No.: 2:23-cv-00475
**INCORPORATED, and WEST VIRGINIA**      Honorable Irene C. Berger
**DIVISION OF CORRECTIONS AND**
**REHABILITATION,**

        **Defendants.**

## CERTIFICATE OF SERVICE

I, the undersigned, counsel for Defendant West Virginia Division of Corrections and Rehabilitation do hereby certify that on this 19th day of September 2023, I electronically filed the foregoing *"Defendant West Virginia Division of Corrections and Rehabilitation's Memorandum of Law in Support of Motion to Dismiss"* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

| | |
|---|---|
| Lydia C. Milnes, Esq. | Sarah Grady, Esq. |
| Lesley M. Nash, Esq. | David Howard Sinkman, Esq. |
| MOUNTAIN STATE JUSTICE, INC. | KAPLAN & GRADY, LLC |
| 1029 University Ave., Suite 101 | 1953 N. Clybourn Ave., Suite 274 |
| Morgantown, West Virginia 26505 | Chicago, Illinois 60614 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff – Pro Hac Vice* |

| | |
|---|---|
| Amelia Caramadre, Esq. | Jordan K. Herrick, Esq. |
| The Action Lab | Adam K. Strider, Esq. |
| Center for Health Policy and Law | BAILEY & WYANT, PLLC |
| Northeastern University School of Law | 500 Virginia Street East, Suite 600 |
| 360 Huntington Ave – 120KN | P.O. Box 3710 |
| Boston, Massachusetts 02115 | Charleston, West Virginia 25337-3710 |
| *Counsel for Plaintiff – Pro Hac Vice.* | *Counsel for Wexford Health Sources, Inc.,* |

*/s/ William E. Murray*
William E. Murray, Esq. (WVSB #2693)
Jaden P. Rhea, Esq. (WVSB #13454)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: (304) 345-4222
F: (304) 343-3133
wmurray@baileywyant.com
jrhea@baileywyant.com