IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSEPH TAYLOR,

          Plaintiff,

v.                                            CIVIL ACTION NO.   2:23-cv-00475

WEXFORD HEALTH SOURCES,
INCORPORATED, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Wexford Health Sources, Inc.'s Objections to February 29, 2024 Order* (Document 147), the *Order* (Document 122) entered on February 29, 2024 by the Honorable Omar J. Aboulhosn, United States Magistrate Judge, and the *Plaintiff's Response to Defendant Wexford's Objections to Motion to Compel* (Document 161-1). For the reasons stated herein, the Court finds that Wexford's objections should be overruled.

The Court has also reviewed the *Plaintiff's Motion for Leave to File Instanter* (Document 161), wherein the Plaintiff seeks leave to file his response to the Defendant's objections slightly outside the three-day response period established in Judge Aboulhosn's order. The motion is unopposed, and finding no risk of prejudice, the Court will grant it.

In addition, the Court has reviewed the *Motion to Seal Exhibit 10 to Defendant Wexford Health Sources, Inc.'s Objections to February 29, 2024 Order* (Document 145) (sealed) and the

*Memorandum of Law in Support of Motion to Seal Exhibit 10 to Defendant Wexford Health Sources, Inc.'s Objections to February 29, 2024 Order* (Document 146) (unsealed).

## MOTION TO SEAL

"The right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Under the common law, "[t]he trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (noting factors may include "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records"). District courts have discretion to determine "whether to grant or restrict access to judicial records or documents" based on the facts and circumstances of the case. *Virginia Dep't of State Police*, 386 F.3d at 575.

In contrast, the First Amendment protects a narrower range of documents, but "[w]hen the First Amendment provides a right of access, a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Id.*

2

Courts distinguish between documents used in discovery "which is ordinarily conducted in private" and documents attached to a dispositive motion, which "adjudicates substantive rights and serves as a substitute for a trial." *Rushford v. New Yorker Mag., Inc.* 846 F.2d 249, 252 (4th Cir. 1988). "To determine whether the First Amendment provides a right to access…, we employ the 'experience and logic' test, asking: (1) whether the place and process have historically been open to the press and general public, and (2) whether public access plays a significant positive role in the functioning of the particular process in question." *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 291 (4th Cir. 2013) (internal quotation marks and citations omitted). The common law right of access is applicable to all "judicial records" that were "filed with the objective of obtaining judicial action or relief." *Id.*

After determining whether the common law or First Amendment provides the right of access, a district court "must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Virginia Dep't of State Police*, 386 F.3d at 576. "Notifying the persons present in the courtroom of the request to seal or docketing it reasonably in advance of deciding the issue is appropriate" to provide public notice. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).[1]

The Fourth Circuit has not definitively ruled on whether materials attached to discovery motions constitute "judicial records" subject to even the common law right of access. Magistrate Judge Eifert recently outlined the relevant law surrounding a public right of access to such

---

1 Although the motion to seal was filed under seal, the supportive memorandum has been available on the public docket for more than two weeks, which the Court finds adequate to provide public notice.

materials, concluding that First Amendment or common law right of public access was questionable, and applying a good cause standard pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *Jonathan R. v. Just.*, No. 3:19-CV-00710, 2024 WL 898912, at *2 (S.D.W. Va. Mar. 1, 2024) (Eifert, M.J.) (directing that a redacted version of the document be filed publicly because it involved matters of public concern, despite need to protect private information); *see also Kinetic Concepts, Inc. v. Convatec Inc.*, No. 1:08CV00918, 2010 WL 1418312, at *9–10 (M.D.N.C. Apr. 2, 2010) (reasoning that no public right of access attached to documents submitted in discovery disputes and only a good cause standard applies).

Wexford seeks to seal a document entitled "AM-02: Medication Assisted Treatment/ Medications for Opioid Use Disorder Guidelines." (Document 145-1.) It contends that the "unique guidelines distinguish Wexford in the extremely competitive marketplace of private healthcare companies that contract with States like West Virginia to provide healthcare to inmates," and it would suffer competitive harm if they were made public. (Mem. in Support of Mtn. to Seal at 2.)

The Court finds that Wexford has put forth good cause for maintaining the document under seal during this discovery dispute. While the law is unclear as to whether any public right of access applies to documents submitted in relation to discovery disputes, the Court finds that the First Amendment right of access is not implicated, given that discovery is typically conducted in private. Anyone with an interest in following this case and resolution of the motion to compel and these objections would gain little insight from the Guidelines document. Whether Wexford's interest in maintaining the confidentiality of the Guidelines if they were submitted in connection with a dispositive motion or at trial outweighs a public right of access, where the public right of

4

access and the impact on the case would both be greater, need not be determined at this stage. Thus, the motion to seal should be granted.

## OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER

Magistrate Judge Aboulhosn rejected Wexford's argument that it should not be required to produce financial information relevant to a claim for punitive damages until after such a claim had survived a motion for summary judgment, noting that the discovery period would be over at that point. He concluded that Plaintiff had produced sufficient materials in discovery and provided those materials in conjunction with his motion to compel, to set forth a prima facie case for punitive damages and warrant discovery related to Wexford's finances.

Wexford points to prior cases wherein judges in this district adopted procedures delaying discovery of a defendant's financial information relevant to a claim for punitive damages until after summary judgment. It emphasizes the high standard for proving entitlement to punitive damages under West Virginia law and contends that the materials submitted by the Plaintiff are insufficient to make a prima facie case for punitive damages.

In response, the Plaintiff argues that Wexford failed to demonstrate clear error in Judge Aboulhosn's order. In addition, the Plaintiff contends that the standard for punitive damages for the federal claims at issue herein requires only a preponderance of the evidence that the defendant's conduct was "motivated by evil motive or intent, or…involves reckless or callous indifference to the federally protected rights of others." (Pl.'s Resp. at 4) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983.)) The Plaintiff argues that he produced sufficient evidence to make a prima facie showing of entitlement to punitive damages. He cites an expert report, multiple affidavits, and documents from Wexford related to proper treatment of inmates with Opioid Use Disorder (OUD)

that he contends show that Wexford has a practice of denying Medications for Opioid Use Disorder (MOUD) to patients who previously received it, including prior to their incarceration, deliberately causing unnecessary suffering by forcing them into withdrawal, and even using withdrawal from participation in MOUD treatment programs as a disciplinary tool, despite inmate grievances and its own policy documents recounting the standard of care for OUD. Finally, the Plaintiff contends that Wexford has not shown that it would be prejudiced in any way by producing the requested discovery.

Discovery rulings referred to a magistrate judge may be reconsidered by the district court "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). To reverse a discovery order, the Court "must be left with a definite and firm conviction that a mistake has been made," a particularly demanding standard given that "it is well-established that the scope and conduct of discovery are well within the sound exercise of a trial court's discretion." *Clark v. Milam*, 155 F.R.D. 546, 548 (S. D. W.Va. 1994) (Haden, C.J.).

Although neither the Federal Rules nor appellate precedent addresses the issue, courts within this district have required plaintiffs to "make a prima facie claim for punitive damages before being entitled to discovery of a defendant's financial records." *Robinson v. Quicken Loans Inc.*, No. Civ. A. 3:12-cv-0981, 2013 WL 1704839, at 4 (S. D. W.Va. Apr. 19, 2013) (Chambers, C.J.). "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). "[T]his threshold applies even when the underlying standard of liability for

compensatory damages is one of recklessness." *Id.* "The callous indifference required for punitive damages is essentially the same as the deliberate indifference required for a finding of liability on the § 1983 claim." *Cooper v. Dyke*, 814 F.2d 941, 948 (4th Cir. 1987).

The Plaintiff presented evidence that he was denied MOUD despite repeated requests, contrary to the standard of care, that Wexford documents reveal its understanding of appropriate treatment of OUD, and that Wexford has or had a practice of similarly denying MOUD to inmates to, instead, force them into withdrawal, leading to repeated complaints, grievances, and negative health outcomes. Judge Aboulhosn's finding that the evidence submitted by the Plaintiff sufficed to set forth a prima facie case for punitive damages is not clearly erroneous. Although some judges may choose to set alternative deadlines for discovery of financial information, Wexford did not point to any binding law or precedent requiring that such materials be discoverable only after summary judgment, such that Judge Aboulhosn's order could be found to be contrary to law. Accordingly, Wexford's appeal of Judge Aboulhosn's order should be denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant Wexford Health Sources, Inc.'s Objections to February 29, 2024 Order* (Document 147) be **OVERRULED**, that the *Order* (Document 122) entered on February 29, 2024 by the Honorable Omar J. Aboulhosn, United States Magistrate Judge be **AFFIRMED**, and that Wexford produce responsive documentation to the Plaintiff's Request for Production No. 38 no later than **April 10, 2024**. The Court further **ORDERS** that the *Plaintiff's Motion for Leave to File Instanter* (Document 161) be **GRANTED** and that the *Plaintiff's Response to Defendant Wexford's Objections to Motion to Compel* (Document 161-1) be **FILED**. Finally, the Court

**ORDERS** that Wexford's *Motion to Seal Exhibit 10 to Defendant Wexford Health Sources, Inc.'s Objections to February 29, 2024 Order* (Document 145) be **GRANTED** and that Document 145-1 remain **SEALED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 5, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA