IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**JOSEPH TAYLOR,**

    **Plaintiff,**

v.                                                      **Civil Action No. 2:23-cv-00475**
                                                         **Honorable Irene C. Berger**

**WEXFORD HEALTH SOURCES,
INCORPORATED, and WEST
VIRGINIA DIVISION OF
CORRECTIONS AND
REHABILITATION,**

    **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL VARIOUS
EXHIBITS TO DEFENDANT WEST VIRGINIA DIVISION OF CORRECTIONS AND
REHABILITATION'S MOTION FOR SUMMARY JUDGMENT**

    **NOW COMES** this Defendant, West Virginia Division of Corrections and Rehabilitation ("WVDCR"), by counsel William E. Murray, Jennifer E. Tully, Justin C. Taylor, and the law firm of Bailey & Wyant, PLLC, and offers the following Memorandum of Law in support of its contemporaneously-filed Motion to Seal various exhibits attached to its Motion for Summary Judgment.

    This lawsuit arises from allegations brought forth by Plaintiff that he was denied treatment for his opioid use disorder while incarcerated at Central Regional Jail from January 1, 2023, until March 9, 2023. Plaintiff alleges that WVDCR discriminated against him in violation of the Americans With Disabilities Act and the Rehabilitation Act with respect to denying him such treatment. WVDCR has filed a Motion for Summary Judgment in this regard and attached to it parts of Plaintiff's medical records, which consist of Exhibit 1, 3-9, and 11-24, containing (34)

pages, as well as Exhibit 26, Wexford's MAT/MOUD Guidelines, consisting of fifty (50) pages. WVDCR now seeks to file these exhibits under seal.

I. APPLICABLE LAW

When a party seeks to seal documents relating to summary judgment in a civil action, the Court must weigh the First Amendment right to public access against the private rights of the moving party, using the standard articulated in *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13 (1986). *Virginia Dept. of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) (citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (1988)). The *Press-Enterprise* standard requires the moving party to establish "specific, on the record findings . . . that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise*, 478 U.S at 13-14 (citing *Press-Enterprise I*, 464 U.S. at 510). The Fourth Circuit has held that the standard applied to closure in *Press-Enterprise* also applies to the filing of records under seal. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). To seal records under the *Press-Enterprise* standard the court must (1) determine if there is a compelling interest in sealing the records; (2) determine whether there are alternatives to the sealing of the records that would protect the compelling interest; (3) determine whether the compelling interest of the moving party outweighs the First Amendment right of access; and (4) any closure or seal should be narrowly drawn. *Id*.

II. ARGUMENT

A. MAT/MOUD Guidelines

These guidelines include detailed protocols, procedures, and forms that provide unique and concrete methodologies that enable Wexford personnel to deliver effective medical care to WVDCR's inmates in the unique and challenging environment presented by public correctional

2

facilities. These guidelines are meticulously created by Wexford. Wexford has had to and continues to expend countless work hours and incur substantial monetary expense to develop, maintain, and tailor these guidelines to serve its clients. Wexford calls upon a team of industry experts with extensive training and experience in providing medical care in the unique and challenging environment presented by public correctional facilities. Disclosure of these guidelines would cause immediate and tangible, competitive harm to Wexford. These unique guidelines distinguish Wexford in the extremely competitive marketplace of private healthcare companies that contract with States like West Virginia to provide healthcare to inmates. These Guidelines contain proprietary information that could cause competitive harm to Wexford as it and competitors bid for contracts providing healthcare for inmates in various jurisdictions around the country. Therefore, WVDCR seeks to file Exhibit 26 to the Motion for Summary Judgment under seal. It is noted that Wexford has also moved to seal this Exhibit in a separate motion.

     WVDCR has presented a compelling interest to sealing these Guidelines. If made public, it has the potential to cause competitive harm to Wexford and/or WVDCR in bidding on and negotiating contracts. Further, there is no alternative to sealing these Guidelines, as they cannot be appropriately redacted. Next, WVDCR has presented a compelling interest which outweighs the First Amendment right of access. The Fourth Circuit Court of Appeals has previously held that "a corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records. *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598, 98 S. Ct. 1306, 1312 (1978). Last, the seal of exhibits is narrow in that it only consists of fifty (50) pages. Thus, the *Press-Enterprise* standard has been met as it pertains to sealing the Wexford

MAT/MOUD Guidelines.[1]

### B. Plaintiff's Medical Records

The Fourth Circuit has held that "[s]ensitive medical or personal identification may be sealed so long as the request is not overbroad." *Bureau of Nat'l Affairs v. Chase*, 2012 U.S. Dist. LEXIS 104229 1, 6 (D. Md. 2012) (citing *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011)). Courts have rejected attempts to seal medical records where the requests were overbroad, *Rock v. McHugh*, 819 F. Supp. 2d at 476, or where the moving party failed to address the required factors to be considered by a court in granting a motion to seal and failed to offer a specific factual basis on which it could be established "that the public's interest in accessing court documents is outweighed by the plaintiff's privacy interest regarding his medical records." *Lavinder v. Mut. of Omaha Ins. Co.*, 2016 U.S. Dist. LEXIS 173534 1, 6 (S.D.W. Va. 2016).

In general, Exhibits 1, 3-9, 11-24 and 26 contain information regarding Plaintiff's physical and mental health and the allegations in question, which were marked confidential in discovery pursuant to the Protective Order. They are not voluminous in nature (?? pages) and do not contain any information which would be of particular importance to the public. The contents of these exhibits are limited to the allegations against the WVDCR to rebut Plaintiff's allegations in WVDCR's Motion for Summary Judgment. Thus, it is appropriate to seal the exhibits based on their confidential nature and contents of Plaintiff's private health information.

### III. CONCLUSION

**WHEREFORE**, this Defendant prays that this Honorable Court **GRANT** this Motion and that Exhibits 1, 3-9, 11-24 and 26 attached to WVDCR's Motion for Summary Judgment are filed under seal and that this Honorable Court grant this Defendant any and all other relief this

---

[1] Additionally, this Court previously permitted Wexford to file these guidelines under seal when they were attached to a prior pleading. (ECF No. 177).

Honorable Court deems just and proper.

                                                   **WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION,**
                                                   **By Counsel,**

**/s/ Justin C. Taylor**
**William E. Murray (WV Bar #2693)**
**Jennifer E. Tully (WV Bar #9356)**
**Justin C. Taylor (WV Bar #8014**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
**wmurray@baileywyant.com**
**jtully@baileywyant.com**
**jtaylor@baileywyant.com**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

**JOSEPH TAYLOR,**

    **Plaintiff,**

    v.                                                    Civil Action No. 2:23-cv-00475
                                                                   Honorable Irene C. Berger

**WEXFORD HEALTH SOURCES,
INCORPORATED, and WEST
VIRGINIA DIVISION OF
CORRECTIONS AND
REHABILITATION,**

    **Defendants.**

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a true and correct copy of foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL VARIOUS EXHIBITS TO DEFENDANT WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION'S MOTION FOR SUMMARY JUDGMENT** was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, April 15, 2024:

Jordan K. Herrick
Adam K. Strider
Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
Charleston, WV  25301
*Attorney For: Wexford Health Sources, Inc.*

Amelia Caramadre
David H. Sinkman
Nabihah Maqbool
Sarah Grady
Kaplan & Grady, LLC
2071 N Southport Ave, Ste 205
Chicago, IL  60614
*Attorney For: Joseph Taylor*

Lydia C. Milnes
Lesley M. Nash
Mountain State Justice, Inc.
1029 University Avenue
Suite 101
Morgantown, WV  26505
*Attorney For: Joseph Taylor*

  /s/ Justin C. Taylor
**William E. Murray (WV Bar #2693)**
**Jennifer E. Tully (WV Bar #9356)**
**Justin C. Taylor (WV Bar #8014)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T:  (304) 345-4222**
**F:  (304) 343-3133**
**wmurray@baileywyant.com**
**jtully@baileywyant.com**
**jtaylor@baileywyant.com**