# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

JOSEPH TAYLOR

    *Plaintiff*,

  v.

WEXFORD HEALTH SOURCES, INCORPORATED, and WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION,

    *Defendants*.

Civil Action No. 2:23cv00475
Honorable Irene C. Berger

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO FILE EXHIBITS 5 AND 14 TO HIS MOTION FOR SUMMARY JUDGMENT UNDER SEAL AND EXHBIITS 15, 16, and 18 UNDER TEMPORARY SEAL

Plaintiff, pursuant to Local Rules of Civil Procedure 26.4(c), section 27-3-1 of the West Virginia Code, and 45 C.F.R. § 164.508, submits this Memorandum of Law in Support of his Motion to File Exhibits 5 and 14 containing personal health records and death records. Plaintiff also requests that his right to file a motion to unseal Exhibits 15, 16, and 18, be reserved since there is no public interest in denying access to information concerning the contracts West Virginia jails and prisons and the medical services provided in these correctional facilities, which serve some of the most marginalized people in society. Plaintiff takes no position regarding Exhibit 21, an excerpt of Defendant Wexford's Medical Guidelines. Plaintiff offers the following Memorandum of Law in support of its contemporaneously-filed Motion to Seal and Temporarily Seal various exhibits attached to Plaintiff's Motion for Summary Judgment.

A. **Facts and procedural history**

This case concerns the violations of Plaintiff's statutory and constitutional civil right pursuant to the Americans with Disabilities Act and 42 U.S.C. § 1983, during his incarceration at Central Regional Jail from January to March 2023. On September 7, 2023, this Court entered a Protective Order. (Doc. No. 39.) This Order instructed the parties to come to an amicable resolution concerning issues of confidentiality and to confer about the filing, or use as an exhibit, of any document that is marked confidential. During discovery, certain medical records, proprietary records, policies, contract documents, and death records were produced under protective order and pursuant to the parties' agreement to produce medical records under seal. Parties conferred, and Defendants are not willing to lift the confidential designation over Exhibits 15, 16, and 18.

Plaintiff seeks to seal Exhibit 5, spanning 9 pages of Plaintiff's medical records, and Exhibit 14, spanning 20 pages of records related to deaths at WVDCR.

In addition, Parties conferred, and Defendants are not willing to lift the confidential designation over Exhibits 15, 16, and 18, which are as follows:

- Exhibit 15: The WVDCR Request for Proposal for Medical Services (69 pages)
- Exhibit 16: A chart of the number of patients continued and discontinued on Medications for Opioid Use Disorder ("MOUD") in 2022 and 2023 (3 pages)
- Exhibit 18: WVDCR's Policy regarding Vivitrol, a form of MOUD (10 pages)

B. **Legal standard**

The Fourth Circuit has held that "[s]ensitive medical or personal identification may be sealed so long as the request is not overbroad." *Bureau of Nat'l Affairs v. Chase*, 2012 U.S. Dist. LEXIS 104229 1, 6 (D. Md. 2012) (citing *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011)). Courts have rejected attempts to seal medical records where the requests were overbroad,

*Rock v. McHugh*, 819 F. Supp. 2d at 476, or where the moving party failed to address the required factors to be considered by a court in granting a motion to seal and failed to offer a specific factual basis on which it could be established "that the public's interest in accessing court documents is outweighed by the plaintiff's privacy interest regarding his medical records." *Lavinder v. Mut. of Omaha Ins. Co.*, 2016 U.S. Dist. LEXIS 173534 1, 6 (S.D.W. Va. 2016).

Documents attached to dispositive motions "adjudicate substantive rights and serves as a substitute for a trial." *Rushford v. New Yorker Mag., Inc.* 846 F.2d 249, 252 (4th Cir. 1988). There is a right of public access to documents filed in federal district courts under the First Amendment, and under Common Law. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). A court assesses the facts and circumstances of the case to determine if records should be released under common law. *Id.* District courts may determine whether under common law, "the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

When a party seeks to seal documents relating to summary judgment in a civil action, the court must weigh the First Amendment right to public access against the private rights of the moving party. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 13 (1986). Under the First Amendment, "a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Virginia Dep't of State Police at* 575. To support this position, the party restricting access to documents must provide "specific reasons for its position." *Id.*

Local Rule of Civil Procedure 26.4(c) permits a court to seal documents in exceptional circumstances. (S.D.W. Va. L. R. Civ. Pro. 26.4(c).) In order to establish that a seal is proper, the moving party must set forth (1) the reasons why a seal is necessary and why redaction would be

3

inadequate; (2) the requested duration of the seal; and (3) address the competing First Amendment or common law interest in public access to the records that are requested to be sealed. The prior discussion of the applicability of the use of seal in this case has already addressed the reasons why a seal is necessary and how Plaintiff's interests in sealing the records outweighs any First Amendment rights of access.

### C. WVDCR cannot justify sealing of Exhibits 15, 16, and 18

It is Defendants' burden to persuade the Court that Exhibits 15, 16, 18, and 21 should be withheld from the public record and filed under seal.

First, WVDCR will not be able to object to the First Amendment right of access to these documents. There can be no specific reasons to support the restriction of records related to its own public policies (Exhibit 18), the provision of healthcare—specifically MOUD (Exhibit 16), and request for contract proposals (Exhibit 15). By contrast, there are specific and pertinent reasons to release these records under the First Amendment—West Virginia is one of the centers of the country's opioid crisis. These documents light upon how one of the largest public agencies in the state addresses, or fails to, the health needs of those with Opioid Use Disorder.

Courts may determine whether a First Amendment right of access exists where documents are "open to the press and general public." *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 291 (4th Cir. 2013). WVDCR's Request for Proposal (Exhibit 15), and Vivitrol Policy (Exhibit 18) are both subject to the Freedom of Information Act Requests. W. Va. Code 29B-1-1, *et seq*. Accordingly WVDCR can have no reason to oppose these documents becoming public. A First Amendment right of access also exists where "public access plays a significant positive role in the functioning of the particular process in question. *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)* at 291. Given the important public

process, the provision of healthcare—and MOUD in particular—in West Virginia jails and prisons, all Exhibits should be sealed pursuant to the public's First Amendment right of access to this information.

In fact, the Vivitrol policy (Exhibit 18) is marked for general distribution, allowing any individual, including incarcerated individuals, may inquire for it and access it. And WVDCR's 30(b)(6) representative testified that WVDCR's policies are "codified into law by code" and that the Secretary of State's office and the West Virginia's Supreme Court both "have them on file." Minnix Dep. 258. She further testified that WVDCR intends to make these policies available online, "soon." *Id.* at 257. WVDCR can provide no reason why these documents cannot be made public immediately.

WVDCR cannot justify the sealing of Exhibit 16, showing the statistics of individuals continued and discontinued on MOUD, because it contains no personal information. By contrast, these materials concern matters of quintessential public concern—information about who is granted access to MOUD while incarcerated in the state's correctional facilities. *Jonathan R. v. Just.*, No. 3:19-CV-00710, 2024 WL 898912, at *2 (S.D.W. Va. Mar. 1, 2024).

**D. Plaintiff's Exhibits 5 and 14 are confidential documents that are properly sealed**

Exhibits 5 and 14, containing personal medical information regarding the Plaintiff, and individuals who passed away at WVDCR, are properly filed under seal. The court has access to the content of Plaintiff's Exhibits 5 and 14 to determine the validity of Plaintiff's interest in protecting his privacy and safety. If this information is not filed under seal, the public will have access to Plaintiff's most private medical records and identifying information of incarcerated who have died.

Plaintiff is reasonably concerned that public access to his private medical history would violate his right to have his personal health information protected. Similarly, these medical records are protected by the Health Insurance Portability and Accountability Act (HIPAA) since West Virginia jails and prisons are covered entities under the Act. 45 CFR § 160.103. To the extent information contained in Exhibit 5 is of relevance to the subject case, that information is set forth in the accompanying memorandum in support of his motion for summary judgment. The remaining information contained in the documents is not relevant, and thus there is no public interest in its disclosure. This request is narrowly drawn, as Plaintiff seeks to seal only certain of his medical records contained in Exhibit 5 and not all of his medical records pertaining to the medical issues in this case.

The records indicating details and dates of the deaths of people incarcerated within the West Virginia Division of Corrections and Rehabilitation would expose identifying information that would violate the privacy of the descendants. Sealing the death documents outweighs any limited public interest in access these records.

### E. Conclusion

In sum, sealing Exhibits 5 and 14 is appropriate under this Court's jurisprudence, the local rules of civil procedure, and state and federal privacy law. Plaintiff thus respectfully requests that the Court order that Plaintiff's Exhibits 5 and 14 be placed under seal.

Plaintiff respectfully requests that Plaintiff's Exhibits 15, 16, and 18be placed only under temporary seal with the Court reserving the Plaintiff's right to file a motion to unseal Exhibits 15, 16, and 18 at a later date since there is a significant public interest in information related to West Virginia jails and prisons and the medical services provided in these correctional facilities.

**WHEREFORE**, Plaintiffs respectfully request that Exhibits 5 and 14 be placed under seal and Exhibits 15, 16, 18, and 21, be filed under temporary seal until this Court determines if the public's interest in them outweighs any current reason to keep them confidential.

Respectfully submitted,

By Counsel:

**Respectfully submitted,
JOSEPH TAYLOR,
Plaintiff, by and through Counsel,**

/s/ Lydia C. Milnes
Lydia C. Milnes (WVSB #14158)
Lesley M. Nash (WVSB #10598)
Mountain State Justice, Inc.
1029 University Ave., Ste, 101
Morgantown, WV 26505
Phone: (304) 326-0188
Facsimile: (304) 344-3145
lydia@msjlaw.org
lesley@msjlaw.org


Sarah Grady (IL Bar No. 6312933) (Pro Hac Vice)
David Howard Sinkman (NY Bar No. 4684981) (Pro Hac Vice)
Amelia Caramadre (MA Bar No. 710230) (Pro Hac Vice)
Nabihah Maqbool (NY Bar No. 5717400) (Pro Hac Vice)
Kaplan & Grady LLC
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
Phone: (312) 852-2184
Facsimile: (312) 626-6715
sarah@kaplangrady.com
sinkman@kaplangrady.com
amelia@kaplangrady.com
nabihah@kaplangrady.com